FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 0 5 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SAMUEL OSAFO,

Defendant.

13-CR-65

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the

particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is

outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall

indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C.

§ 3553(c)(2). These "reasons must also be stated with specificity in the written order of

judgment and commitment." *Id*. Even though the mandatory nature of the guidelines has been

excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005),

the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United*

*States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific

statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "considered the parties' arguments and that it has a

reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))

(internal quotations and alterations omitted).

1

On May 8, 2013, defendant Samuel Osafo pleaded guilty to importing heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

Osafo was sentenced on August 26, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The United States Attorney's Office for the Eastern District of New York acted professionally in recommending a sentence below the guidelines range, based on the circumstances of this case. The recommendation reflects the recent announcements of Attorney General Eric Holder, calling for individualized assessments in drug cases, leading to less onerous sentences. *See* Memorandum from Attorney General Eric Holder on Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases to the United States Attorneys and Assistant Attorney General for the Criminal Division (Aug 12 2013).

The sentence imposed was predicated purely on the court's responsibility under *Booker*, 543 U.S. 220.

The total offense level is twenty-two and defendant's criminal history category is I, yielding a guidelines range of imprisonment of between forty-one and fifty-one months. The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. 21 U.S.C. § 960(b)(3).

Osafo was sentenced to time served—eight months—and three years of supervised release. A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed; the defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors in 18 U.S.C. § 3553(a). The sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Considered was the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Osafo transported 4,982 grams of heroin on a commercial flight originating in Accra, Ghana. The heroin was discovered in his suitcase during a routine Customs search at John F. Kennedy International Airport.

This serious offense is aberrant. Osafo has no prior convictions. His role was limited to that of a courier.

He is a Ghanaian citizen who comes from an impoverished family. As the youngest of nine living siblings, he has assumed responsibility for support of his aged parents.

Osafo is intelligent. He has acquired a high school education, which is unusual for an individual of his background.

Despite having worked hard all his life, he had insufficient means to support his wife, three children, and parents. This economic pressure led to his violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

Section 3553(a)(2)(B) stresses two major considerations: specific and general deterrence. Osafo has already served a sentence of eight months. Specific deterrence will be substantially achieved through the sentence of time served followed by deportation. Given the defendant's impoverished background, difficult life, and his sincere desire to take up his parental responsibilities, it is unlikely defendant will engage in further criminal activity.

3

General deterrence is satisfied by the sentence imposed. It sends a clear message that importation of narcotics into the United States will be met with severe penalties.

Jack B. Weinstein
Senior United States District Judge

Dated: August 27, 2013
Brooklyn, New York

4